IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
10/13/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

EUILMER GUERRERO CORDOVA,

Petitioner,

v.

SAMUEL OLSON, Director, ICE Field Office;
MARKWAYNE MULLIN, DHS Secretary;
DEPARTMENT OF HOMELAND SECURITY;
TODD BLANCHE, Attorney General;
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and
MISTY MACKEY, Warden,
Midwest Regional Reception Center,

Respondents.

Case No. 26-3340-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting through counsel, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.[1]

Petitioner, a native of Cuba, was paroled into the United States in May 2024. Immigration officials took petitioner into custody on July 5, 2025. Petitioner filed an application in immigration court for adjustment of his status, and he also filed motions requesting that his removal proceedings be terminated or administratively closed. On

[1] Petitioner's motion for leave to file a corrected reply brief (Doc. # 7) is hereby **granted**, and the Court has considered the corrected brief in ruling on the petition.

December 4, 2025, that court declined to terminate the proceedings, but it administratively closed the case, by agreement of the parties, to allow petitioner to pursue his application to United States Citizenship and Immigration Services (USCIS) for adjustment of status on an expedited basis. On December 5, 2025, the immigration court denied petitioner's application for release on bond, ruling that it lacked jurisdiction to consider the request because petitioner was being detained as an arriving alien under 8 U.S.C. § 1225(b)(2)(A). On January 8, 2026, the immigration court reconsidered its earlier ruling and granted petitioner's request that removal proceedings be terminated, for the reason that USCIS had declined to expedite petitioner's application for adjustment of status under the Cuban Adjustment Act. The Government appealed that decision, and on July 7, 2026, the Board of Immigration Appeals (BIA) remanded the case for further consideration; and on September 12, 2026, the immigration court denied the motion for termination. Petitioner's removal proceedings thus continue in that court.

On April 28, 2026, petitioner, acting *pro se*, filed a habeas petition in this Court. By Memorandum and Order of May 21, 2026, the Court rejected the Government's position that petitioner could be detained under Section 1225(b)(2)(A), and it ordered that petitioner be given a bond hearing under 8 U.S.C. § 1226(a). At a hearing on May 28, 2026, the immigration court denied release on bond, finding that petitioner would pose a danger to the community. Petitioner did not appeal that decision to the BIA. By Memorandum and Order of July 6, 2026, this Court denied as moot (in light of petitioner's bond hearing) petitioner's remaining habeas claim that his detention had become prolonged in violation

of due process; and it rejected petitioner's argument that he had not received a proper bond hearing as ordered. Petitioner remains in custody in this judicial district.

On July 13, 2026, petitioner, through counsel, filed the instant habeas action. The Government has filed a response, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

Petitioner claims that his detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

In the petition, petitioner alleges that he is being subjected to mandatory detention under Section 1225(b)(2)(A), and he claims that his prolonged detention violates due process. Somewhat inexplicably, however, the petition does not acknowledge the prior habeas action, including this Court's ruling that petitioner may only be detained pursuant to Section 1226(a), not Section 1225(b)(2)(A). Nor does the petition acknowledge that petitioner received a bond hearing on the merits, as ordered by this Court, at which the immigration court determined that petitioner's release would present a danger to the community (which ruling petitioner did not appeal). In the prior action, the Court noted that, by virtue of the bond hearing, petitioner had received the relief that would have been available to him if he established that his detention had indeed become prolonged in violation of due process.

Petitioner nevertheless argues in his reply brief that his continued detention in his particular circumstances – as he awaits a decision on his application to the USCIS – violates due process; and that he presently seeks his release, not another bond hearing. The Court concludes, however, that petitioner has not shown such a violation or that he is entitled to his release. Petitioner concedes that federal law allows for removal proceedings even while a USCIS application remains pending, and petitioner has not shown that his proceedings do not serve the legitimate Governmental interest of securing his removal in accordance with the law. Petitioner has been afforded process in the form of a bond hearing (and the right to an appeal from the bond decision) and the ability to seek a new bond hearing upon a showing of changed circumstances. Petitioner has not cited any authority to support his release despite his pending removal proceedings and despite a determination of dangerousness. Accordingly, the Court denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner's motion for leave to file a corrected reply brief (Doc. # 7) is hereby **granted**, and the proposed brief is hereby deemed filed.

IT IS FURTHER ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 13th day of October, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge